No. 3676.—SUCCESSION OF SAMUEL WEIL—Opposition to Account of Administrator.

*An indorsee or holder of a promissory note may recover thereon from the indorser, although the note itself was given for a slave consideration, and its enforcement against the maker is prohibited by article 128 of the Constitution. This right to recover from the indorser is based on the principal that every indorsement of a promissory note forms a new contract between the indorsee and the indorser.*

APPEAL from the Second District Court, parish of Orleans. *Duvigneaud, J. J. Ad. Rozier,* for appellants. *T. Gilmore & Son,* for opponents and appellees.

WYLY, J. The motion to dismiss the appeal can not prevail, the judgment not being acquiesced in as alleged, and the appeal being taken within one year from the signing of the judgment.

W. H. Letchford & Co. appeal from the judgment of December 11, 1871, dismissing their opposition to the account of the administrator on the ground of the alleged slave consideration of their claim.

The pleadings are somewhat irregular, and several questions are presented for adjudication; but the only one of any importance is the charge that the claim of the opponents is founded upon a slave consideration, and under article 128 of the Constitution can not be enforced, notwithstanding it was put into a judgment prior to the Constitution of 1868.

It is true the consideration inuring to the makers of the note was slave, but that moving between the indorser, Samuel Weil, and the indorsees, W. H. Letchford & Co., was not slave.

It is true W. H. Letchford & Co. sued the makers and indorsers of

the note in the Twelfth District Court, parish of Ouachita, and they confessed judgment on April 16, 1866.

It is also true the makers of the note have successfully resisted the execution of the judgment in consequence of the slave consideration of the note on which it was founded.

Samuel Weil was held bound and condemned to pay W. H. Letchford & Co., not on the original contract evidenced by the note, but on his contract with them arising from the indorsement.

It is well settled that every indorsement is a new contract, which imposes a conditional obligation on the indorser in favor of the indorsee. It was this agreement which was enforced against Samuel Weil in the judgment of April 16, 1866, in the Twelfth District Court.

Now this judgment can not be treated as an absolute nullity. It is, in no wise affected by article 128 of the Constitution, declaring that "contracts for the sale of persons are null and void, and shall not be enforced by the courts of this State."

The court below seems to have based its judgment, rejecting the claim of W. H. Letchford & Co., on the case of Groves v. Clark, 21 An. 567, where it was held that an indorsee, before maturity, could not recover against the maker of a note given for the price of slaves.

That decision does not support his judgment. There the maker was pursued upon his obligation, the consideration of which was the price of slaves, and article 128 of the Constitution was held to be applicable, because the only obligation contracted by the maker of the note was to pay the amount thereof.

Here the indorsees, W. H. Letchford & Co., had judgment against Samuel Weil on his contract of indorsement, the consideration of which was slaves. This contract may be enforced and article 128 of the Constitution not violated.

In reference to the position that the administrator has turned over the property of the succession to the natural tutrix and taken her receipt, we will remark that this was an idle ceremony.

No agreement or collusion between them can defeat the judgment creditors of the deceased, or place the property beyond the jurisdiction of the court and the administration.

It is therefore ordered that the judgment of December 21, 1870, recognizing W. H. Letchford & Co. as judgment creditors be affirmed; and it is ordered that the judgment of December 11, 1871, dismissing their opposition be annulled, and it is ordered that the account filed by the administrator on June 7, 1871, be set aside as informal and illegal, and that the administrator render his account and proceed to the settlement of the succession according to law. It is further ordered that the costs hereof be paid by the succession.

Rehearing refused.